UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**DAVID WILCOX**
N921 19th Road
Wautoma, WI 54982,

    Plaintiff,

v.

**BADGER BUS LINES, INC**.
5501 Femrite Drive
Madison, WI 53718,

    and

**JOHN MEIER**,
c/o Badger Bus Lines, Inc.
5501 Femrite Drive
Madison, WI 53718,

    Defendants.

Case No. 17-cv-449

---

## COMPLAINT

---

COMES NOW the Plaintiff, David Wilcox, by and through Pines Bach LLP, his attorneys, and as his Complaint against the Defendants alleges as follows:

1. Plaintiff brings this lawsuit to recover unpaid regular time and overtime compensation, liquidated damages, punitive damages, equitable relief (including reinstatement and lost wages), attorney's fees, costs, and pre-judgment and post-judgment interest under the provisions of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* and implementing regulations ("FLSA"), as well as under Wis. Stat. §§ 103.02, 109.01 through 109.03, 109.09, 109.11(2), and 111.322(2m), and implementing administrative code provisions (collectively "Wisconsin Wage Laws").

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the FLSA. Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c). The acts, practices, violations, omissions and transactions complained of herein have occurred, in whole or in part, in this district.

## PARTIES

4. At all times relevant to this action until May 31, 2017, Plaintiff David Wilcox ("Plaintiff") was a resident of the City of Sun Prairie, Dane County, Wisconsin. As of May 31, 2017 and continuing to the present he is a resident of Wautoma, Waushara County, Wisconsin.

5. Plaintiff consents to this lawsuit pursuant to 29 U.S.C. § 216(b), and his written consent is attached hereto as Exhibit A.

6. Defendant Badger Bus Lines, Inc. ("Badger Bus"), is a Wisconsin corporation with a principal office address of 5501 Femrite Drive, Madison, Dane County, Wisconsin. Badger Bus is engaged in the business of providing school bus transportation within the State of Wisconsin to 4K-12 students.

7. At all relevant times, Badger Bus has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203, and the Wisconsin Wage Laws, Wis. Stat. § 109.01(2) and Wis. Admin. Code § DWD 272.01(5)(a).

8. At all relevant times, Badger Bus has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203.

9. At all relevant times, upon information and belief, Badger Bus had gross operating revenue in excess of $500,000.00.

10. At all relevant times, Badger Bus was the "employer" of Plaintiff, as defined by 29 U.S.C. § 203(d), § 109.01(2) and Wis. Admin. Code § DWD 272.01(5)(a).

11. At all relevant times, Plaintiff has been an "employee" of Badger Bus, as defined by 29 U.S.C. § 203(e) and Wis. Stat. § 109.01(1r).

12. Defendant John Meier ("Meier") is a resident of the State of Wisconsin.

13. At all relevant times, Meier has been an owner of Badger Bus and is in charge of the bussing aspect of the business.

14. At all relevant times, Meier has acted directly or indirectly in the interests of Badger Bus in relation to the Plaintiff, and therefore is also an "employer" of the Plaintiff, as defined by 29 U.S.C. § 203(d).

15. At all relevant times, Badger Bus and Meier (collectively, "Defendants") have been subject to the requirements of the FLSA and Wisconsin Wage Laws.

**FACTS**

16. Badger Bus employed Plaintiff within the three year period preceding the filing of this Complaint. Specifically, Plaintiff was employed by Badger Bus from February 2015 through the present.

17. Defendants maintained control, oversight, and direction over Badger Bus's operations, including employment practices.

18. Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Badger Bus.

19. Plaintiff was required to comply with Defendants' policies, procedures and directives in performing Plaintiff's work during Plaintiff's employment with Badger Bus.

20. As a part of its operations, Badger Bus employed Plaintiff as a school bus driver and fleet vehicle support worker.

21. Plaintiff's primary job duties included, but were not limited to, driving school bus routes and trips within the State of Wisconsin for 4K-12

school children, fueling school busses, checking and topping off fluids in school busses, and other light maintenance of school busses ("fuel and fluids work").

22. Plaintiff performed the job duties described in the preceding paragraph within the past three years for Badger Bus.

23. Plaintiff was a non-exempt employee under the FLSA and the Wisconsin Wage Laws.

24. Plaintiff normally worked in excess of forty hours per week.

25. Although Plaintiff worked more than forty hours per week, Plaintiff has not been compensated for all overtime hours at one and one-half times Plaintiff's regular rate.

26. As required by Defendants, Plaintiff took numerous unpaid breaks of less than 30 minutes during the workday between his school bus driving duties and his fuel and fluids work.

27. Defendants knowingly and willfully required, suffered or permitted Plaintiff to work without regular wages and overtime compensation, in violation of the FLSA and the Wisconsin Wage Laws.

28. As a non-exempt employee, Plaintiff was entitled to be paid regular wages for all breaks of less than 30 minutes and time-and-a-half wages for all hours worked in excess of forty in a workweek. Accordingly, Defendants' practice of failing to pay all regular wages earned and overtime compensation to Plaintiff was and is a violation of the FLSA and Wisconsin Wage Laws.

29. No exemption excuses Defendants from paying Plaintiff for breaks of less than 30 minutes and overtime rates for hours worked over forty in a workweek.

30. Defendants failed to comply with the FLSA and Wisconsin Wage Laws in that Plaintiff performed work for Defendants for which Defendants failed to pay Plaintiff regular wages and overtime compensation for hours worked in excess of forty hours per workweek.

31. In March 2017, Plaintiff discussed with Defendants and their representatives the fact that he should be paid for the unpaid breaks of less than 30 minutes during his work day, as well as other uncompensated work and overtime for hours worked over 40 in a week, under both state and federal law, and asked to be paid for that work performed to date, according to law.

32. In response to Plaintiff's concerns, Defendants "offered" Plaintiff the "opportunity" to transfer to a different position with Badger Bus, which would not include unpaid breaks of less than 30 minutes but would cause him to suffer a significant pay cut. Defendants further told Plaintiff that if he did not "choose" to accept that position, the position would be posted and his fuel and fluids work, i.e., all but driving duties, would be taken from him, also resulting in a significant pay cut.

33. Plaintiff asked Defendant John Meier to intervene and remedy the situation, but he declined.

34. On March 16, 2017, Plaintiff told Defendants that he intended to bring his unpaid wage concerns to the state and federal authorities charged with enforcement of the wage and hours laws.

35. Shortly thereafter, Defendants began advertising for an employee to perform the fuel and fluids work that had until that time been performed by Plaintiff.

36. On April 21, 2017 counsel for Plaintiff wrote to Defendants warning them against engaging in prohibited retaliation against Plaintiff for raising concerns about violations of the FLSA and the Wisconsin Wage Laws, including by involuntarily transferring him or otherwise negatively affecting Plaintiff's duties, pay, or other terms and conditions of employment.

37. On May 25, 2017, Defendants informed Plaintiff that effective the end of the school year he would no longer be performing the fuel and fluids work, effectively causing Plaintiff to lose significant amounts of pay. The end of the school year was June 8, 2017.

38. Defendants failed to comply with the FLSA and Wisconsin Wage Laws in that they have retaliated against Plaintiff for seeking to be paid according to the FLSA and Wisconsin Wage Laws, as described herein.

39. As a result of Defendants' violations of the FLSA and Wisconsin Wage Laws, Plaintiff has suffered losses, including but not limited to wages, overtime pay, and interest. Plaintiff is entitled to damages in the amount of

unpaid wages, lost wages, overtime pay, as well as reinstatement and punitive damages.

40. Defendants have failed to make a good faith effort to comply with the FLSA and Wisconsin Wage Laws. Instead, Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding unpaid breaks and overtime compensation, and retaliated against Plaintiff in violation of the FLSA and Wisconsin Wage Laws. Plaintiff is entitled to liquidated damages for such conduct.

### FIRST CLAIM FOR RELIEF
### Failure to Pay Overtime Wages

41. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

42. Plaintiff is a non-exempt employee.

43. Plaintiff is entitled to overtime pay for all hours worked in excess of forty each workweek.

44. Defendants have violated 29 U.S.C. § 201 *et seq.*, Wis. Stat. § 103.02, and § DWD 274.03 by failing to pay Plaintiff overtime compensation at a rate of one and one-half times the appropriate regular rate.

45. Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week, and Defendants suffered or permitted this. Defendants have failed to pay Plaintiff overtime pay for all of those hours worked in excess of forty per week.

46. In further violation of the FLSA and Wisconsin Wage Laws, upon information and belief, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

47. No legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime compensation for all hours worked over forty in a workweek.

48. Plaintiff seeks all unpaid overtime compensation and an additional amount of liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, as provided by 29 U.S.C. § 216(b) and Wis. Stat. §§ 109.03(6) and 109.11(2), along with pre- and post-judgment interest at the highest rate allowed by law.

**SECOND CLAIM FOR RELIEF**
**Failure to pay regular wages**

49. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

50. Plaintiff is entitled to be paid for all breaks of fewer than 30 minutes taken during the workday.

51. Defendants have violated Wis. Admin. Code §§ DWD 272.12(1), (2)(a), and (2)(c)1, and Wis. Stat. § 109.03(1), as well as 29 C.F.R. §§ 785.11, -.18, and 790.6(b) for failing to pay Plaintiff a continuous workday, including those breaks of fewer than 30 minutes during the workday.

52. Plaintiff seeks all unpaid regular wages and additional liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, as provided by Wis. Stat. §109.11 and 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**THIRD CLAIM FOR RELIEF**
**Retaliation**

53. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

54. Plaintiff is entitled to be free from retaliation (discrimination) because he has attempted to enforce his rights under the FLSA or the Wisconsin Wage Laws.

55. Defendants have violated Wis. Stat. § 111.322(2m) and 29 U.S.C. § 215(a)(3) by removing the fuel and fluids work from Plaintiff, and correspondingly causing Plaintiff to lose wages associated with that work.

56. Plaintiff seeks equitable relief including but not limited to lost wages and reinstatement, liquidated damages, punitive damages, as well as reasonable attorney's fees, costs, and litigation expenses, as provided by Wis. Stat. §109.11 and 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Wilcox respectfully requests that this Court award and grant relief against the Defendants, jointly and severally, as follows:

a. damages for the full amount of Plaintiff's unpaid regular wages;

b. damages for the full amount of Plaintiff's overtime compensation;

c. liquidated damages;

d. punitive damages;

e. lost wages, reinstatement, and other equitable relief;

f. reasonable attorney's fees, costs and expenses of this action;

g. pre-judgment and post-judgment interest at the highest rates allowed by law; and

h. such other relief as may be just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 9th day of June, 2017.

PINES BACH LLP

By: */s/Tamara B. Packard*
Tamara B. Packard
Attorneys for Plaintiff

<u>Mailing Address</u>:

122 West Washington Ave., Suite 900
Madison, WI 53703
Telephone: (608) 251-0101
Facsimile: (608) 251-2883
tpackard@pinesbach.com